**INSTITUTE OF CERTIFIED PRACTITIONERS, INC., and Darryl Shinn, Enrolled Agent, Plaintiffs,**

v.

**The Honorable Lloyd BENTSEN Secretary of the Treasury; Margaret M. Richardson, Commissioner of the Internal Revenue Service; Dave Mader, Assistant Commissioner of Human Resources, Management and Support; and Leslie Shapiro, Director of Practice; in their official capacities as agents of the Internal Revenue Service, an agency of the United States of America, Defendants.**

Civ. A. No. 1:93–CV–1154–CC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 28, 1994.

Tad D. Ransopher, Office of Tad D. Tansopher, Atlanta, GA, for plaintiffs.

Joe Dally Whitley, Kilpatrick & Cody, James Randolph Schulz, Office of U.S. Atty., N.D. Georgia, Atlanta, GA, Michael N. Wilcove, U.S. Dept. of Justice, Tax Div., Washington, DC, for I.R.S., Lloyd Bentsen, Mike Dolan, Dave Mader, Leslie Shapiro.

James Randolph Schulz, Office of U.S. Atty., N.D. Georgia, Atlanta, GA, for Margaret M. Richardson.

## ORDER

COOPER, District Judge.

The above-styled case is currently before this Court on defendants' motion to dismiss [20–1], alleging, among other grounds, that the plaintiffs have failed to state a case in controversy sufficient to invoke the jurisdiction of this court.

## I. CASE IN CONTROVERSY

Plaintiff Institute of Certified Practitioners, Inc. (hereinafter "Institute"), is an academic organization which certifies those who offer tax services to the public with the mark "CPTx". Plaintiff Darryl Shinn is an enrolled agent residing in the State of Virginia. Defendants are the duly appointed, qualified and acting agents of the Internal Revenue Service (hereinafter "IRS"), Division of the Department of Treasury and are sued in their official capacities.

In September, 1992, the Internal Revenue Service adopted "Circular 230", codified at 31 C.F.R. § 10.30(a)(1), which prohibits the use of the term "certified" by an individual that practices as an "enrolled agent" for the Internal Revenue Service. Plaintiffs seek to enjoin the defendants' enforcement of Circular 230.

After careful review of all of the pleadings, briefs and affidavits in this matter, the court concludes that plaintiffs have failed to establish that the defendants' directive under Circular 230 has placed an unconstitutional burden on their First Amendment rights, in that the plaintiffs have not shown any instance of threatened enforcement action by the defendants. Plaintiffs have not shown a concrete factual situation sufficient to establish a case in controversy in this case. Plaintiffs have also alleged no definite instance of an enrolled agent's engaging in conduct violative of Circular 230. Indirect adverse consequences to the Institute is also not protected under the Constitution. *O'Bannon v. Town Court Nursing Center,* 447 U.S. 773, 100 S.Ct. 2467, 65 L.Ed.2d 506 (1980); *Castaneda v. U.S. Dept. of Agriculture,* 807 F.2d 1478 (9th Cir.1987).

Pursuant to Article III of the Constitution, federal courts cannot issue advisory opinions. For subject matter jurisdiction of the federal courts to be triggered, there must be an actual case or controversy. *United Public Workers v. Mitchell,* 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). The power of this court to pass upon the constitutionality of acts of Congress arises only when the interests of litigants require the use of judicial authority for their protection against actual interference. *Id.* A hypothetical threat is not enough. *Id.* Likewise, in *Lujan v. National Wildlife Federation,* 497 U.S. 871, 891, 110 S.Ct. 3177, 3190, 111 L.Ed.2d 695 (1990), the Supreme Court noted that "a regulation is not ordinarily considered the type of agency action 'ripe' for judicial review ... until the scope of the controversy has been reduced to more manageable proportions, and its factual components fleshed out." The courts have specifically cautioned against deciding constitutional questions in a vacuum. *See e.g. Arab–American Anti–Discrimination Committee v. Thornburgh,* 970 F.2d 501 (9th Cir.1991).

## II. VENUE

Defendants' move to dismiss this action as against defendant Darryl Shinn claiming that venue is improper with respect

**1372**

to Shinn. Venue for this action is governed by 28 U.S.C. § 1391(e), which states that:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

The record reveals that defendant Shinn resides in the State of Virginia. Accordingly, venue is improper with respect to Shinn. However, venue is proper with respect to the Institute. Where, as here, there is more than one plaintiff, it has been held that only one of the plaintiffs need reside in the district in question for venue to be properly invoked pursuant to 28 U.S.C. § 1391(e). As such, Shinn's only tie to this District is through the Institute. Having found that the Institute lacks standing to bring this action and has failed to state a claim upon which relief can be granted, plaintiff cannot manufacture venue by adding the Institute as a party. *National Distillers and Chemical Corp. v. Dept. of Energy,* 487 F.Supp. 34 (D.Del.1980). According, the court finds that venue is improper with respect to Shinn.

Accordingly, defendants' motion to dismiss plaintiffs' complaint is hereby GRANTED [20–1]. Plaintiffs' complaint is hereby DISMISSED [1–1].

IT IS SO ORDERED.